UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT MARSHALL,

                Plaintiff,

       -against-

WILLIE BRIGHT,

            Defendant.

20-CV-8344 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently incarcerated in Attica Correctional Facility, brings this *pro se* action against his codefendant from his state-court criminal case. By order dated February 11, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Using the Court's prisoner complaint form, Plaintiff provides a handwritten statement of facts that is difficult to read. To better understand his assertions the Court will also consider information from public sources, including court records.[2]

---

[2] The Court may consider matters that are subject to judicial notice. *See* Fed. R. Evid. 201(b)-(c); *Schenk v. Citibank/Citigroup/ Citicorp,* No. 10-CV-5056 (SAS), 2010 WL 5094360,

Plaintiff brings this action against codefendant Willie Bright.[3] In May 1990, Plaintiff and Bright were arrested and charged with kidnapping a woman from Roosevelt Field shopping mall and repeatedly raping her. After a trial in the County Court, Nassau County, in which Plaintiff and Bright were codefendants, Plaintiff was convicted of kidnapping in the first degree, robbery in the first degree, sodomy in the first degree, sexual abuse in the first degree, grand larceny in the second degree, unauthorized use of vehicle in the first degree, and criminal possession of a weapon in the third degree. *People v. Marshall*, 196 A.D.2d 639 (1st Dep't Aug. 23, 1993).

Plaintiff brings this action providing what appears to be a narrative of Bright's testimony in their criminal trial. According to Plaintiff, Bright testified about a plot to rob and steal a car. Bright approached the victim in the parking lot of Roosevelt Field shopping mall, took a knife out of his bag, took money from the victim, and then drove her car to a motel, where he decided to spend the night. At the motel, Bright forced the victim to make ransom calls. Plaintiff asserts that although he accompanied Bright and the victim, he was only present during the victim's first phone call to her family, and that he was out of earshot for all other phone calls and was not involved in any other criminal conduct. Plaintiff further claims that Bright was the leader and he was just a follower.

Plaintiff does not specify in the complaint the relief he seeks. But attached to his IFP application a one-page statement in which he requests the Court's assistance. (ECF No. 1, at 3.) Plaintiff asserts in the statement that he is a poor man without a family who has been

---

at *2 (S.D.N.Y. Dec. 9, 2010) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)).

[3] Plaintiff identifies his codefendant as "Bright Written," but his actual name is Willie Bright. *See* 2 Men Arrested in Kidnap And Rape of an L.I. Woman, New York Times, May 10, 1990, https://www.nytimes.com/1990/05/10/nyregion/2-men-arrested-in-kidnap-and-rape-of-an-li-woman. (last visited Feb. 17, 2021).

incarcerated for 29 years. He claims that he suffers from mental health issues and that prison

officials at Attica Correctional Facility are not helping him. Plaintiff requests the following: "so

can you take me move me out of this prison put me in Sing Sing prison they have unite for main

mental health are get me in a hosp for me I am very mental ill man this prison don't help me out

ok." (*Id.*)

## DISCUSSION

### A.      **Substitute Willie Bright for Bright Written**

Plaintiff brings this action against his codefendant whom he identifies as "Bright

Written." Plaintiff's codefendant's name is actually Willie Bright. The Clerk of Court is directed

to amend the caption of this action to replace Bright Written with Willie Bright. *See* Fed. R. Civ.

P. 21.

### B.      **Claims against Bright**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua

sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.

CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway

Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff brings this action naming Bright as the defendant but it is not entirely clear that he seeks to pursue any claims against him. He does not state the basis for the Court's subject matter jurisdiction over his claims against Bright, asserts no causes of action, and does not appear to seek any relief from Bright. Plaintiff's assertions concerning Bright do not suggest the existence of a federal claim. Further, because Plaintiff and Bright are not citizens of different states,[4] the Court lacks diversity jurisdiction over any claims under state law that Plaintiff may be asserting. The Court therefore dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## C.   Inadequate Mental Health Care Claims

Plaintiff appears to have filed this action to seek relief for inadequate mental health care at Attica Correctional Facility (Attica). But he does not name any defendant who is responsible for his mental health treatment. Moreover, the Southern District of New York is not the appropriate district court to consider any claims relating to Plaintiff's mental health. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[4] According to the New York State Department of Corrections and Community Supervision's inmate locator website, Bright is currently incarcerated in Clinton Correctional Facility. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000. It also appears that both Plaintiff and Bright resided in New York prior to their incarceration. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (there is a rebuttable presumption that a prisoner retains his preincarceration domicile for diversity jurisdiction purposes).

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff's assertions suggest that his rights were violated in Attica. Attica is located in Wyoming County, New York. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Any claims Plaintiff may have arose in Wyoming County, which is in the United States District Court for the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, the Court declines to consider the inadequate mental health care claims on the merits and instructs Plaintiff that if he wishes to pursue these claims, he should file a complaint in the Western District of New York and name an appropriate defendant. The Court offers no opinion on the viability of any complaint Plaintiff may file.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is also instructed to amend the caption of this action to replace Bright Written with Willie Bright. *See* Fed. R. Civ. P. 21.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

SO ORDERED.

Dated:   February 17, 2021
            New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.